UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN CHAUVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3673** |
| **TERMINIX PEST CONTROL, INC.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control, Inc.'s Motion to Dismiss (Doc. 4). For the following reasons, the Motion is **GRANTED.**

### BACKGROUND

This case arises out of Plaintiff Dean Chauvin's termination from his employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had exceptions including "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff's Complaint alleges that he told Defendant he had "a documented case of Bell's Palsy after receiving a flu shot a few years prior – and that, as a result, he could not give Informed Consent to take the EUA Covid injection due to fear of adverse events in light of his past experience with the flu shot."[2] Plaintiff argues this condition is a disability because he "is substantially limited in a major life activity, i.e., being able to take certain

---

[1] Doc. 4-1 at 2.
[2] Doc. 1 at 3.

1

medications and/or vaccines."[3] Plaintiff alleges that Defendant refused his requested accommodations without explaining how granting him an accommodation would result in undue hardship to the business.[4] Plaintiff refused to receive the COVID-19 vaccination and was fired on September 15, 2021.[5]

On March 12, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act ("ADA"). He received a Notice of Right to Sue Letter on July 28, 2022. Plaintiff timely filed suit in this Court on October 5, 2022, alleging violations of the Emergency Use Authorization Provision,[6] the ADA,[7] and the Louisiana Employment Discrimination Law ("LEDL").[8]

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Claims with Prejudice. Plaintiff opposes.[9]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[10] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A court must accept the complaint's factual allegations as true and must "draw

---

[3] *Id.*
[4] *Id.* at 4.
[5] *Id.*
[6] 21 U.S.C. § 360bbb-3.
[7] 42 U.S.C. § 12101.
[8] La. Rev. Stat. § 23:301.
[9] Doc. 8.
[10] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[11] *Id.*

all reasonable inferences in the plaintiff's favor."[12] The Court need not, however, accept as true legal conclusions couched as factual allegations.[13]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[15] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[16]

## LAW AND ANALYSIS

Defendant argues that Plaintiff fails to establish viable cause of actions under the Emergency Use Statute and the ADA. Without these claims, Defendant further argues that that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. In response, Plaintiff alleges that he did adequately plead his claims. The Court will address each in turn.

   a. *The Emergency Use Statute*

Plaintiff alleges that Defendant's mandatory COVID-19 vaccination policy violates his rights under the Emergency Use Authorization statute by denying him the right to accept or refuse the administration of the vaccine.[17] The Emergency Use Authorization statute provides that "the Secretary may authorize the introduction into interstate commerce . . . a drug, device, or biological product intended for use in an actual or potential emergency" subject

---

[12] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[13] *Iqbal*, 556 U.S. at 667.
[14] *Id.*
[15] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[16] *Lormand*, 565 F.3d at 255–57.
[17] Doc. 1 at 5.

3

to various conditions, including that those who take the drug, device, or biological product "are informed . . . of the option to accept or refuse administration of the product."[18]

Defendant argues that the Emergency Use Statute does not provide a right of action under which an individual may sue a private employer, and as such, Plaintiff cannot state a claim. Plaintiff responds that the plain language of the Emergency Use Statute has been violated, namely the requirement that "individuals to whom the product is administered are informed . . . of the option to accept or refuse administration of the product."[19] Plaintiff argues that he exercised his rights to refuse the administration of the product and he was fired, which constitutes a violation of the Emergency Use Statute.

The Court disagrees with this interpretation of the law. This statute authorizes the Secretary of Health and Human Services to approve medical products for use in an emergency and "requires the Secretary to ensure product recipients understand the 'potential benefits and risks of use' and 'the option to accept or refuse administration of the product.'"[20] This statute gives the Secretary of Health and Human Services power to act in an emergency. It does not confer a private right to sue. Indeed, the Fifth Circuit has confirmed that this provision "neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers . . . It does not confer a private opportunity to sue the government, employer, or worker."[21] Thus, Plaintiff's claim under the Emergency Use Statute does not have merit and must be dismissed.[22]

---

[18] 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I)-(III).
[19] Doc. 8 (citing 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I)-(III)).
[20] Bridges v. Houston Methodist Hosp., 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021), *aff'd sub nom.* Bridges v. Methodist Hosp., No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022).
[21] *Id.* at 527.
[22] *Id.* Plaintiff attempts to distinguish his case from *Bridges;* however, his arguments fail. There, the District Court for the Southern District of Texas addressed this precise issue, held

    *b. American With Disabilities Act*

Plaintiff claims that he was discriminated against based on his medical disability. Specifically, he alleges that he is disabled because of a "documented case of Bell's Palsy after receiving a flu shot a few years prior – and that, as a result, he could not give Informed Consent to take the EUA Covid injection due to fear of adverse events in light of his past experience with the flu shot" which substantially limits him "in a major life activity, i.e., being able to take certain medications and/or vaccines."[23]

"To make out a prima facie case of discrimination under the ADA, a plaintiff must show that (a) he has a disability; (b) he is a qualified individual for the job to which he is applying; and (c) that an adverse employment decision was made solely because of his disability."[24] As a threshold matter, therefore, Plaintiff must first show that he is an "individual with a disability" within the meaning of the ADA. 42 U.S.C. § 12102(a) defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[25] Major life activities include working, seeing, hearing, speaking, and breathing.[26]

Defendant argues that Plaintiff does not allege sufficient facts to explain how his previous negative experience with a vaccine limits a major life activity.[27] Plaintiff only states that "fear of adverse events in light of his past experience with the flu shot" substantially limits his ability to take certain

---

that there was no private right to sue under the Emergency Use Statute, and was affirmed on appeal to the Fifth Circuit Court of Appeals. *See also* Symantha Reed et al. v. Tyson Foods, Inc., No. 21-CV-01155, 2022 WL 2134410, at *11 (W.D. Tenn. June 14, 2022) (holding that "there is no private right of action under [21 U.S.C. § 360bbb]").
[23] Doc. 1 at 3.
[24] Still v. Freeport-McMoran, Inc., 120 F.3d 50, 51–52 (5th Cir. 1997).
[25] 42 U.S.C. § 42102(a).
[26] 42 U.S.C. § 12102(2)(A).
[27] Doc. 4-1 at 7.

medications and vaccinations.[28] The Court finds that the inability to take certain medications and vaccinations is not a major life activity akin to speaking, breathing, seeing, or hearing.[29] Viewing all facts in the light most favorable to Plaintiff, the Court finds that he does not plead the necessary facts to show that his fear of an adverse event constitutes a disability under the ADA. As such, Plaintiff's ADA claim fails.

### c. Retaliation

Plaintiff alleges that "Defendant's retaliation against Plaintiff was immediate and unwavering."[30] However, Plaintiff does not explain any further. To plausibly plead a claim, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[31] As the Court cannot ascertain under which law the Plaintiff is suing and thus, what the requisite elements are, he did not state a claim upon which relief can be granted.

### d. Louisiana Employment Discrimination Law

---

[28] Doc. 1 (Plaintiff alleges that he had a "documented case of Bell's Palsy after receiving a flu shot a few years prior – and that, as a result, he could not give Informed Consent to take the EUA Covid injection due to fear of adverse events in light of his past experience with the flu shot."). In Plaintiff's Memorandum in Opposition to this Motion, he advances a different argument: that this fear of adverse events constitutes a disability under the ADA because he is unable to work in "any occupation and with any employer that requires a Covid vaccine." Doc. 8 at 7. The Court may not consider this argument as it was not plead in Plaintiff's Complaint.

[29] Hustvet v. Allina Health Sys., 910 F.3d 399, 411 (8th Cir. 2018) (holding that there was "insufficient evidence in the record to support the conclusion that Hustvet's chemical sensitivities or allergies substantially or materially limit her ability to perform major life activities" where she had never "sought any significant medical attention when experiencing a chemical sensitivity, taken prescription medication because of a serious reaction, or had to leave work early because of a reaction.").

[30] Doc. 1 at 8.

[31] *Lormand*, 565 F.3d at 255–57.

Defendant requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in the event Plaintiff's claims under the Emergency Use Statute and the ADA are dismissed.

Under 28 U.S.C. § 1367(c), district courts have discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims where the court has dismissed all other claims over which it had original jurisdiction. "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[32] The Fifth Circuit has advised that in determining whether to relinquish jurisdiction over pendent state law claims, a court should "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity."[33] The statutory factors concern whether "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[34]

The statutory factors weigh in favor of dismissing Plaintiff's state law claims. Specifically, the second and third factors weigh heavily in favor of declining to exercise supplemental jurisdiction because only state law claims remain pending before this Court. The first factor also weighs against exercising jurisdiction as Plaintiff's claim may raise novel issues of law regarding employment rights in the face of vaccine mandates. Additionally,

---

[32] Brookshire Bros. Holding v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009); *see also* Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir.), *cert. denied*, 516 U.S. 818 (1995) (district court did not abuse discretion by remanding remaining state claims).
[33] Enochs v. Lampasas Cnty., 641 F.3d 155, 158–59 (5th Cir. 2011).
[34] 28 U.S.C. § 1367(c).

7

judicial economy, convenience, fairness, and comity all weigh in favor of declining jurisdiction as this claim has not been substantially litigated in this Court and Louisiana state courts have a significant interest in resolving issues of state law. As both the statutory and common law factors weigh against exercising supplemental jurisdiction, the Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state law claims without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion (Doc. 4) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

New Orleans, Louisiana this 16th day of May, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**