UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN CHAUVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3673** |
| **TERMINIX PEST CONTROL, INC.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control's Motion for Attorney's Fees (Doc. 18). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This case arises out of Plaintiff Dean Chauvin's termination from his employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had an exception for "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff told Defendant he had "a documented case of Bell's Palsy after receiving a flu shot a few years prior – and that, as a result, he could not give informed consent to take the [Emergency Use Authorization] Covid injection due to fear of adverse events in light of his past experience with the

---

[1] Doc. 10 at 6.

flu shot."[2] Plaintiff refused to receive the COVID-19 vaccination and was fired on September 15, 2021.[3]

On October 5, 2022, Plaintiff filed suit in this Court alleging violations of the Emergency Use Authorization Provision,[4] the Americans with Disabilities Act ("ADA"),[5] and the Louisiana Employment Discrimination Law ("LEDL").[6] This Court granted Defendant's first Motion to Dismiss, holding that Plaintiff did not adequately plead his claims but granting Plaintiff leave to amend his Complaint. On November 15, 2023, this Court dismissed Plaintiff's Amended Complaint with prejudice, holding that he again failed to adequately plead his ADA claims.[7] Now before the Court is Defendant's Motion for Attorney's Fees, wherein Defendant argues that it is entitled to approximately $4,000 in attorney's fees as the prevailing party in a case brought under the ADA. Plaintiff opposes.[8]

## **LEGAL STANDARD**

As a general rule, "in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees."[9] Congress has created limited exceptions to this rule under certain statutes protecting various federal rights.[10] The ADA provides that a court may award a prevailing party reasonable attorney's fees.[11] Under the ADA's fee-shifting provision, "a prevailing defendant may not receive fees 'unless a court finds that [the

---

[2] *Id.* at 6–7.
[3] *Id.* at 7.
[4] 21 U.S.C. § 360bbb-3.
[5] 42 U.S.C. § 12101.
[6] LA. REV. STAT. § 23:301.
[7] Docs. 16, 17.
[8] Doc. 22.
[9] Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978).
[10] *Id.*
[11] 42 U.S.C. § 12205.

plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"[12] The Supreme Court has emphasized that district courts should not find a plaintiff's action unreasonable or groundless simply because he did not prevail.[13]

## LAW AND ANALYSIS

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.[14] A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest that clearly does not exist.[15] Defendant argues that Plaintiff's claims were frivolous because he "brought a claim under the ADA without having a disability."[16]

In Plaintiff's Complaint, he alleged that he is disabled because of a "documented case of Bell's Palsy after receiving a flu shot a few years prior – and that, as a result, he could not give Informed Consent to take the EUA Covid injection due to fear of adverse events in light of his past experience with the flu shot" which substantially limits him "in a major life activity, i.e., being able to take certain medications and/or vaccines."[17] This Court held that Plaintiff failed to state a claim under the ADA because he failed to show that he has a disability, considering that (1) the inability to take certain medications and vaccinations is not a major life activity akin to speaking, breathing, seeing, or hearing; and (2) he does not plead the necessary facts to

---

[12] No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 498 (5th Cir. 2001) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)) (alterations in original).
[13] See Christiansburg Garment Co., 434 U.S. at 421–22.
[14] Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).
[15] Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).
[16] Doc. 18-1 at 2.
[17] Doc. 1 at 3.

3

show that his fear of an adverse event constitutes a disability under the ADA.[18] While the Court ultimately found his ADA claims to be without merit, the Court is unable to conclude that his allegations of a "disability" were "frivolous, unreasonable, or groundless," considering the lack of authority on this novel issue in the wake of COVID. Accordingly, Defendant has failed to show that the filing of Plaintiff's claims justify an award of attorney's fees pursuant to 42 U.S.C. § 12205.

Plaintiff's actions following the Court's May 16, 2023 Order are more problematic. There, the Court granted Plaintiff leave to amend his Complaint "to the extent that he can remedy the deficiencies identified" in the Court's Order.[19] Rather than address the deficiencies, Plaintiff filed a verbose Amended Complaint that effectively made the same allegations as his original Complaint.[20] In his Amended Complaint, Plaintiff again alleged that his disability—a documented case of Bell's Palsy after receiving a flu shot a few years prior—prevented him from receiving the COVID-19 vaccination, which in turn precluded him from working for Defendant.[21] The Court previously and expressly held that "the inability to take certain medications and vaccinations is not a major life activity" under the ADA.[22] Accordingly, the Court finds that Plaintiff's attempted workaround of this Court's clear holding that the inability to receive the COVID-19 vaccination was not a "major life activity" was a frivolous and groundless continuation of litigation.

---

[18] Doc. 9 at 5–6.
[19] Doc. 9 at 8.
[20] *Compare* Doc. 10 at 7 ("Additionally, Plaintiff's condition qualifies as a disability because he is substantially limited in a major life activity, i.e., 'working' in any job or occupation that requires as a condition of employment that the employee receive one of the EUA Covid injections."), *with* Doc. 1 at 3 ("Additionally, Plaintiff's condition qualifies as a disability because he is substantially limited in a major life activity, i.e., being able to take certain medications and/or vaccines.").
[21] Doc. 10 at 7.
[22] Doc. 9 at 6.

The Amended Complaint is also remiss of any additional factual allegations showing that Plaintiff's *fear* of an adverse event constitutes a disability under the ADA—a deficiency identified by this Court in its first Order dismissing Plaintiff's claims. Rather, Plaintiff redundantly recites that his prior adverse reaction to a flu shot renders him physically unable to receive the vaccine.[23] The Court therefore finds that Plaintiff continued to litigate his ADA claims by filing an Amended Petition after this Court made it clear that his claims—as stated in the Complaint and then simply rephrased in his Amended Complaint—had no arguable basis in law or fact. Accordingly, the Court finds an award of attorney's fees pursuant to 42 U.S.C. § 12205 to be justified in this case for those fees incurred by Defendant related to the filing of Plaintiff's Amended Complaint.[24]

Having granted Defendant's request for attorney's fees, the Court must determine what constitutes a reasonable attorney's fee for the work performed after the filing of Plaintiff's Amended Complaint, which is usually done by calculating the "lodestar" amount.[25] "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed,"[26] and "bears the burden of showing reasonableness" of both.[27] "[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient

---

[23] *See* Doc. 10 at 9 (""[B]ecause Plaintiff had already had an adverse event from a prior flu shot, Plaintiff does not possess the physical ability to safely receive an EUA Covid injection and, thus, cannot safely meet the job duties set forth by Defendant . . . ."); *id.* at 10 ("Because of his history of adverse events with a vaccine, Plaintiff is unable to work in, and thus is disabled from, any occupation and with any employer that requires its employees to receive an EUA Covid injection.").
[24] The Court does not, however, award any attorney's fees for Plaintiff's appeal of this Court's rulings.
[25] *See* La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323–24 (5th Cir. 1995); Crawford v. Hinds Cty., Miss., No. 3:17CV118TSL-RHW, 2020 WL 1683458, at *3 (calculating the lodestar to award attorney's fees to the prevailing party in an ADA case).
[26] Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).
[27] Abner v. Kan. City S. Ry. Co., 541 F.3d 372, 377 (5th Cir. 2008).

documentation so that the district court can fulfill its duty to examine the application for noncompensable hours."[28] In support of its Motion for Attorney's Fees, however, Defendant attaches no evidence supporting the hours worked and rates claimed or how it otherwise arrived at its "fair estimate of . . . fees incurred in defending against Plaintiff's ADA claim" at "around $4,000."[29] The Court is therefore unable to set the amount of reasonable attorney's fees at this time.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorney's Fees is **GRANTED IN PART** as set forth herein.

**IT IS ORDERED** that Defendant file within 20 days of this Order a separate motion to submit detailed time reports so that this Court may perform a lodestar analysis and determine the amount of reasonable attorney's fees.

New Orleans, Louisiana this 7th day of August, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[28] *Kellstrom*, 50 F.3d at 324 (quoting Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990)).
[29] Doc. 18-1 at 4.